# October Term

## XII Geo. 3, 1771.

### *Middlefex fs.* ( 1 )

————————

**Symes & Wife, original Plaintiffs,**

*verf.*

**Hill, original Defendant.**

1771.

SYMES
*v.*
HILL.

Rec. 1771.
Fol. 130.

The Eſtate of a Mortgagee of Land, after Condition broken, is liable to Attachment and Execution for his Debts. The Aſſignment of a Bond ſecured by Mortgage does not paſs the Lands as againſt an Attachment by a Creditor of the Aſſignor, before the Aſſignment of the Mortgage is recorded.

EJECTMENT of two Pieces of Land in Cambridge. The Caſe was, that Hill, the Defendant, mortgaged the Premiſes to N. Wheelwright, Eſq. Some Time after, Wheelwright failed and ſhut up; and, on the 10th of January A. D. 1765, conveyed all his Eſtate to Chas. W. Apthorp; (his wearing Apparell not excepted) and Apthorp, in the ſame Inſtrument, agrees to diſcharge certain Demands whereon Wheelwright might be arreſted; or — ſhould chuſe to diſcharge.

(1) The following Middleſex caſes, extending over two conſecutive terms in that county, appear to have been reported by another hand. See preface.

charge.    On the 18th of the fame January the
Premifes were attached as Wheelwright's Eftate
at a Suit of the Plaintiffs', and, on the 8th of March
following, the Affignment of the Mortgage to Ap-
thorp was recorded.    Judgment on the Plaintiffs'
Action againft Wheelwright entered up the 15th
of May following; and, on the 6th of June, the
Execution was levied on the Premifes; and Seizin
thereof delivered to Wm. Vaffal, Efq., Attorney to
the *Plaintiffs*, agreeable to the Law of the Province,
and the Officer made a regular Return, (as to one
Piece — as to the other, he did not certify the Liv-
ery of Seizin,) and the Execution duly recorded, as
directed by the Province Law.    Hill, immediately
after the faid Seizin, entered again on the Premi-
fes; and the Plaintiffs bring this Action.

*Mr. Adams* opened the Case and introduced Evi-
dence of the Facts as ftated.    As to the Defect in
the Sheriff's Return, (which was difcovered by Mr.
Juftice Trowbridge) *Mr. Adams* moved to prove
Seizin by Parol Evidence; which was done, no
great Oppofition being made by the Defendant.

*Mr. Fitch for Defendant.*  1.  A direct Affignment
of a Mortgage may not be good to every Purpofe
till it be recorded.    But, in our Cafe, the Bond was
affigned to Apthorp before the Attachment; and
the Affignment of a Bond need not be recorded.
The Mortgage is only Security for the Money due
on the Bond — a mere Accident attending it.    2d.
Abr. Cafes in Equity, 617, 618. — Vacating the
Bond vacates the Mortgage; and the Affignment
                                                          of

1771.

SYMES
*v.*
HILL.

Marks of
Fraud confid-
ered, in a
Conveyance
to fecure a
Creditor.

SYMES
*v.*
HILL.

of the Bond carries the Land with it to every Purpose. 2d Burr. 978, 979. For Apthorp had a Right to the Bond by the Affignment, 1 Inft. 232; and may recover the Money, 1 Bacon, 157; 2d Vern. 239, 240; T. Jones, 222; 2 L. Ray. 1242; and, if recoverable in Chancery, it equally affects this Caufe, for hereafter we may be in the Power of Chancery, (or, fhould the Bond be put in Suit by Apthorp, we cannot plead Symes's Recovery in Bar.)

But the Affignment conveys the Debt in Law; 1 Lil. Abr. 124; and alfo the Mortgage. See Burr. before cited. Therefore, the Mortgage bearing fuch Relation to the Bond, and confequently in Apthorp with the Bond at the Time of the Attachment, the Plaintiffs cannot affect it by the Attachment.

2nd. Confiders the Marks of Fraud in the Affignment.

*Mr. Adams, contra.* 1. If this Affignment be *bona fide,* ftill we have a Right to recover, but

2. The Affignment is fraudulent.

By the Attachment the Plaintiffs had an inchoate Title which was kept alive by the Judgment and Execution and compleated by the Seizin thereon, the Return and Recording thereof; which Title, when thus regularly compleated, takes Effect to all Intents and Purpofes, from the Time of the Attachment,

tachment, which, in this Cafe, was before the pre-
tended Affignment; and by the Pro. Stat. 9 W. 3,
c. 7, no Conveyance of Houfes or Lands is good,
untill recorded, but againft the Grantor and his
Heirs; and the Plaintiffs are not Heirs.

Brother Fitch's Doctrine of Affignment is extrav-
agant and incredible. A *Chofe in Action* cannot be
affigned. 'Tis a Rudiment in Law; and neceffary
to abridge the powerful and aid the weak.

*Curia.* Mr. Adams, we think you need not labour
this Point. You may anfwer Mr. Fitch's Authori-
ties briefly, if you pleafe.

*Mr. Adams.* — I fay a *Chofe in Action* cannot be
affigned; 1 Bac. don't ferve their Caufe. See the
Margin; the Profecutions are by Power, and in the
Name of the original Obligee. The Power is in
its Nature revocable; and, when revoked, the Af-
fignee can do no more in a Court of Law.

No Affignment can give him Power to profecute
in his own Name. Vern. and Cafes in Equity
Abr. are Principles of Equity; and as fuch are
true; but, as we are before a Jury, are of no Confe-
quence. In Chancery Anything will ferve for
Right and Title that gives it in Confcience. If
the Debt is difcharged, the Mortgage is difcharged,
*i. e.* Chancery will compell it. In Law, the Fee
is in the Mortgagee untill regularly transferred by
direct Affignment or otherwife, conformable to y[e]
Pro. Stat. 2 Jones, is on Motion; fubject to great
Uncertainty;

1771.
SYMES
v.
HILL.

Uncertainty; in a Court that proceeds on equitable Principles; nor does it appear what the Debt was. B. R. would not contradict the Customs of London,—which seems to be the Distinction. L. Raymond is not in Point. The Case in Burrow depends on the Testator's Intention, whose Sentiments on the Operations of Law we must suppose his Lordship is pursuing; and the common People take Chancery for Law. But his Lordship, in that very Case, expressly declares that the Estate has become absolute in Law. Lill. Abr. proves no more than that the Court would not insist on a Power. It don't prove but that a Discharge by the Executor would have been good.

2nd. He compared the Evidence with the common Marks of Fraud.

#### Court's Direction to the Jury.

*Trowbridge.* 1st Question in Law is, whether the Lands demanded were Wheelwright's Estate at the Time of the Attachment, so as to be bound by it. 2nd. Whether they were thereupon regularly taken in Execution, so as to satisfy the Debt.

As to the first Point, it may be inquired, — 1st. Whether the Lands ever were Wheelwright's, so as to be held; and, if they were,—2nd. Whether he had not conveyed them before the Attachment. The Lands were a Mortgage to satisfy £900 Hill was obligated to pay Wheelwright, and due before the Attachment.

In

In Mortgages, the Fee paffes from Mortgagor to Mortgagee at the compleating the Deed; and, on Failure in the Condition, becomes abfolute in him (fave the Equity of Redemption given by the Province Law). Then the Province Law charges all Lands with the Payment of Debts; and, when attached, are holden to fatisfy the Judgment. And, on compleating the Procefs, the Creditor compleats his Title to the fame Eftate which the Debtor was poffeffed of; and the Debt is difcharged. So that there can be no Doubt but that the Lands were once Wheelwright's, fo as to be held by the Attachment. But, 2nd, had he not conveyed them before the Attachment? a Conveyance is produced. 1ft, then it may be further inquired, whether it be made *bona Fide*; for the Contrary is ftrongly contended; and, if it be, 2d, whether, in the State it was at the Time of the Attachment, it was fufficient to defeat it.

The general Marks of Fraud you have had from the Council. As to that, therefore, I fhall only add, that, if a Deed has Marks of Fraud, they are not conclufive Evidence. But, in this Cafe, there is Something peculiar. The Nature of the Cafe made it neceffary for Apthorp to be fecret in fecuring himfelf; and the Legiflature feems to favour Creditors in this Thing; for, when a Creditor has fo done, he is fubject to foreign Attachment for the Overplus; and the Law prefers this to Bankruptcy. Two muft concur in a Fraudulent Conveyance; — for, if the Grantor do it with a fraudulent Intention, yet, if the Grantee receive it *bona Fide* to fatisfy his Debt, it is not a fraudulent Conveyance. —

Apthorp,

1771.

SYMES
*v.*
HILL.

Apthorp, at the making the Covenant, might not know how much his Debt was, and fecure more than was due; but he cannot hold more — and, you fee, had covenanted to refund. No Time is fet for Reconveyance, but the Law fettles that. The moft fufpicious Claufe is that which refpects Apthorp's paying certain Sums for which afterwards he might become bound; but, if that was done only to fatisfy true Debts for which he fhould become bound *bona Fide*, it will not avoid the Conveyance; but, if to referve Anything to Wheelwright, it vitiates the Whole.

2. As to the State they were in at the Time of the Attachment. The Affignment of the Mortgage was not then recorded. " But," faith the Defendant, " the Bond was then affigned, and that carries the Land with it to every Purpofe." However, the Affignment of the Bond does not carry the Land with it. The Fee of the Land was in Wheelwright; and the Province Law requires all Conveyances of Houfes and Lands to be recorded before they are good againft any Perfon except the Grantor and his Heirs; and the recording after the Attachment fhall never have fuch a Retrofpect, as to enure from the Delivery of the Affignment, and fo defeat the Attachment.

2nd. As to the 2d Point, there is no Doubt but the Lands were regularly taken in Execution, fo as to fatisfy the Debt, fave the Slip in the Officer in not returning Livery of Seizin in the 15 Acres. I doubt if it will do without.

*Oliver.*

*Oliver.*   There is a Receipt of the Seizin under Mr. Vaſſall's hand, as Attorney to Symes.   I have little elſe to add to my Brother Trowbridge.

1771.

SYMES
*v.*
HILL.

*Cuſhing.*   If the Officer's Return is helped by the Teſtimony of the Witneſſes, there is an End of the Caſe.   I don't know that you will depart from the Intention of the Law, if you ſuppoſe it.   The Generality of the Conveyance is a ſtrong Mark of Fraud.   I don't think ſuch general Conveyances will do.   Another Thing in the Concluſion of the Covenant is too looſe, — that Apthorp ſhall pay who he pleaſes, and when he pleaſes. — 'Tis ſuch a Truſt as Lord Coke ſays is a Mark of Fraud. *Twine's Caſe* is good Law.

*Lynde, C. J.*   There is no Doubt as to the 8 Acres, the only Queſtion is as to the 15, — 'twas ſuch an Eſtate as has been determined on Special Verdict to be in Wheelwright. (2)

*Judgment for Plaintiffs.*

---

(2) See *poſt*, *Hooton* v. *Grout*, where the queſtion of the liability of the eſtate of the mortgagee to attachment and execution is conſidered at length by Judge Trowbridge.